By the Court.—Sedgwick, J.
The counsel agree that the court "below directed a verdict for the defendant, on the ground that the plaintiff did not give testimony to show that he was entitled to possession of the property in question, which was a coupé. This depended upon whether, by the terms of a mortgage of that coupé (under which, as mortgagee, the plaintiff claimed), there had been a default which entitled him to take possession of the chattel.
The condition of the mortgage was, that if the mortgagor should pay the mortgagee (plaintiff) the “full sum of $695, lawful money of the United States, one note, $95, to be paid on the 14th of September, 1869, and twelve monthly notes at $50 per note, to be paid on the first day of each and every month, making the whole amount to be paid in twelve months and one week from date, then these presents shall be void.”
The mortgage further provided that in case “ default “shall be made in the payment of the said sum above “mentioned, then it” should be lawful for the plaintiff to take the property mortgaged, and until ‘ ‘ default be “made in the payment of the said sum of money,” the mortgaged property should remain in the peaceable possession of the mortgagor.
At the time of the taking of the coupé by the defendant under an attachment, nine of the notes specified in the condition of the mortgage had fallen due and were unpaid. If this was a default, according to the meaning of the mortgage, then the plaintiff was entitled to possession, otherwise he was not (48 N. Y. R. p. 550; 42 N. Y. R. p. 322; 35 N. Y. R. p. 274).
The defendant’s counsel argues that in the meaning of the mortgage there was not a default in the payment of the gross sum, until the date for the payment of the last instalment had passed without payment of the whole sum. That would be true if the contract had been that the whole sum was to be paid on that day. But the *541 mortgagor had agreed that before that last day should come he would make payment of eleven instalments, on certain days. When the carriage was taken by the defendant, the mortgagor had failed on nine several days to pay the instalments due on those days. It cannot be questioned he made a default in something, and that •could be in nothing else than in the payment of the gross sum, as he had agreed to pay. What he did not pay was what, if paid, would have been parcel of the gross sum. I think it should have been held that there had been a default which authorized the plaintiff to take possession, and that he was entitled to the possession against the defendant.
The case cited by the defendant’s counsel (5 N. Y. Leg. Obs. p. 418) supports his position. The report, however, is but a syllabus of a case, and though later than Robinson v. Wilcox, 2 Leg. Obs. p. 160, is not of the same weight as that case. Robinson v. Wilcox is a fully reported case. The reasoning is satisfactory, and in my opinion should be followed.
The defendant’s counsel has urged, that inasmuch as the coupé was returned by the defendant to the mortgagee, from whose possession he took it, it is evident that the plaintiff can recover but nominal damages, and for that there should not be a new trial. I do not think that the printed case shows (with sufficient certainty to uphold this position) that the plaintiff was entitled to only nominal damages, and a new trial cannot be refused on that ground.
The only propositions discussed on the argument of the case have been considered. The conclusion is that there should be a new trial, with costs to appellant to abide the event.